SAVOY, Judge.
This is a suit in tort arising out of an automobile accident which occurred on September 9, 1964, at the intersection of Peach and 13th Streets in the City of Lafayette. Plaintiffs, Aaron Boudreaux and Shirley Boudreaux, who are husband and wife, sued for personal injuries to Mrs. Boudreaux, and for damages incurred by the community. Named as defendants are Livingston Hayes, and his liability insurer, New York Fire & Marine Underwriters, Inc. It is alleged that Mrs. Boudreaux was driving a 1961 Chevrolet automobile owned by the community between the plaintiffs, in a westerly direction along 13th Street, and that as she crossed the intersection of that street with Peach Street, her automobile was struck on the left side by the rear of a 1964 Oldsmobile automobile driven by *806 Livingston Hayes, wlio liad backed into the intersection. It is alleged that the sole and proximate cause of the accident was the negligence of Mr. Hayes in backing into a right-of-way street without first ascertaining that the maneuver could be made safely, in failing to obey the Stop sign on Peach Street, in failing to maintain a proper lookout, in driving in a reckless and imprudent manner, and in failing to do what he could and should have done so as to avoid the accident.
In responsive pleadings, the defendants admitted insurance coverage and the accident, but denied the material allegations of the plaintiffs’ original and amending petitions. It was alleged in the alternative that Mrs. Boudreaux was contributorily negligent in operating the vehicle she was driving at an excessive and unreasonable rate of speed in violation of the traffic rules and regulations and conditions in existence at the time of the alleged accident, in leaving her lane of traffic and swerving into the left lane of traffic with the result that she collided with the Hayes vehicle which was and had been stationary at the time of and preceding the collision, in failing to see what she should have seen and to do what she should have done in order to have avoided the accident, and in failing to have her vehicle under her full control.
' After trial on the merits, the district court rendered judgment for plaintiffs, awarding Mrs. Boudreaux $1,500.00 for personal injuries, and awarding Mr. Boud-reaux $462.35 for property damage, medical expenses and loss of wages to the community. From this judgment the defendants have appealed to this Court. Plaintiffs did not file an answer to the appeal.
The issues before us are that of negligence, contributory negligence, and quantum. Defendants maintain that the district court erred in finding that the defendant, Livingston Hayes, was negligent and that Shirley Boudreaux was not con-tributorily negligent. It is contended that the action of the plaintiff, Shirley Boud-reaux, in proceeding into the wrong lane of traffic was the proximate, if not contributing cause, of the collision and resulting damages. Alternatively, it is maintained that the district court abused its discretion in awarding Mrs. Boudreaux $1,-500.00 for personal injuries, and that this award should be reduced. Plaintiffs maintain that the findings of fact and holdings by the district court were correct and should be affirmed.
The record shows that the automobile accident occurred oil a clear day at about 11:00 A.M. on September 9, 1964, at the intersection of 13th and Peach Streets in the City of Lafayette. These streets cross to form a right angle intersection, and the surface of the intersection is gravel. Stop signs are located at the intersection facing Peach Street, and 13th Street is the favored street. Mrs. Shirley Boudreaux was driving a Chevrolet automobile owned by the community between the plaintiffs, in a westerly direction along 13th Street Her two-year-old child was seated in the right front seat. The defendant, Livingston Hayes, occupied his 1964 model Oldsmobile automobile. The vehicles collided within the intersection, with the damages to the Boud-reaux automobile being located at the left front door, and the damages to the Hayes automobile being located at the left rear end.
There is a dispute as to the manner in which the accident occurred. Mrs. Boud-reaux testified that she was proceeding through the intersection in the right lane of travel on 13th Street at a speed of between 15 to 25 miles per hour, when she was struck by the Hayes automobile, which had backed into the intersection from her left. She stated that she glanced both ways before entering the intersection, and noticed a car parked on the right side of Peach Street near the Stop sign located at the southeast corner of the intersection. This parked vehicle apparently blocked her view of the Hayes automobile, and she testified she did *807 not see the Hayes automobile until it was coming through her window. Her car traveled to the west of the intersection and came to rest in a ditch on the north side of 13th Street. She testified that the impact was very hard, and the left front door was bent into the steering wheel, pinning her left arm and hand onto the steering wheel. This version of the accident was supported by a witness for the plaintiffs, Mrs. Dorothy Felix, who was standing on the sidewalk approximately one-half block north of the intersection, on the east side of Peach Street. She stated that she saw both cars before the accident, that the Boudreaux automobile was not traveling fast, and she saw the Hayes automobile backing on Peach Street from a point some distance south of the intersection. She stated that the Hayes automobile backed on into the intersection without stopping for the Stop sign, and into the side of the Boudreaux automobile.
The defendant, Livingston Hayes, who is a house mover by trade, testified that he was in the process of moving a house. He had come to the intersection to wait for a police escort. He testified he approached the intersection on 13th Street from the east, turned to the left onto Peach Street, and stopped in the right lane of Peach Street facing south, with about one-half of his automobile protruding into the intersection. He testified he had remained stopped for a period of twenty to forty minutes prior to the time of the accident, and that his automobile was stopped or parked in this position when it was struck by the plaintiffs’ automobile. He placed the point of impact at about eight or nine feet into the intersection, and stated that the force of the impact moved his car around about eight or nine feet to a 45-degree angle. There was about $112.00 damages to his car from the accident. This version is supported by the testimony of the investigating city policeman, Edward Burch. Patrolman Burch, who arrived at the scene of the accident approximately five to seven minutes after it occurred, placed the point of impact in the southwest quadrant of the intersection, approximately four feet south of the center of 13th Street. He fixed this point by the debris on the street, which he believed had come off the back fender of the Hayes vehicle, and by the disarrangement of the gravel in the street, which appeared to show sideward skid marks of the Hayes vehicle. His theory was that Mrs. Boudreaux had swerved to the left and then cut right, and that her car was traveling in a sideward direction at the point of impact. He had given Mrs. Boudreaux a ticket for traveling too fast. Pie testified that after the accident he did not discuss the facts of the accident with the witness, Dorothy Felix, but had only listed her as a witness. However, he did obtain a statement from both drivers. Mr. Hayes had stated that he was struck at a time when he was stopped awaiting a police escort, and Mrs. Boudreaux stated that Mr. Hayes had backed into her.
The district court accepted the plaintiffs’ version of the accident. In its written reasons for judgment, the court found that the defendant, Livingston Playes, backed his car into the intersection and struck the Boudreaux car, and that the point of impact was located in the northwest quadrant of the intersection. That court found no negligence on the part of Mrs. Boudreaux, and determined that the sole and proximate cause of the accident was the negligence of the defendant, Livingston Hayes.
Defendants maintain that the crucial test in this case is whether or not Mrs. Boud-reaux drove into the wrong lane. It is maintained that Mrs. Felix was not a disinterested witness, she was not in a position to see what really happened, and did not know the point in the intersection where the cars collided. Defendants urge that the district court should not have disregarded the testimony of the investigating officer, and that the court did not fairly interpret the testimony of Livingston Hayes, since it stated in the written reasons for judgment that Hayes did not deny backing into the Boudreaux vehicle. Further, it is main *808 tained that Mrs. Boudreaux must have been distracted by her two-year-old daughter, or by something else, so as to have entered the wrong lane of traffic.
This Court finds that the most serious question of fact was whether Mr. Hayes was parked as he testified, or whether he was backing into the intersection, at the time of the accident. The district court had the opportunity to observe the demeanor of the witnesses as they testified, and was in a better position than this Court to resolve this disputed question of fact. That court chose to accept the version of Mrs. Boud-reaux, as supported by Mrs. Felix, and we find no manifest error in that holding.
We find the record shows that Mrs. Felix was a disinterested witness. Although she had lived in the same neighborhood as the plaintiffs for approximately one year, and knew the plaintiffs by sight, she testified she did, not know them personally. There is no evidence in the record to show otherwise. Mrs. Felix testified she was about one-half block from the intersection at the time of the accident. The defendant, Livingston Hayes, testified he had seen her at about this location shortly after the accident. There was nothing to prevent her from seeing how the accident occurred, and her testimony appears completely acceptable in the record. Although she admitted she could not fix the exact location of the impact within the intersection, she was in a position to corroborate the fact that Livingston Hayes had backed for a distance and into the intersection to cause the accident. Although the record shows that Hayes did deny backing into the Boudreaux vehicle, nevertheless, it appears that the district court had ample evidence to support its findings. There was no evidence that Mrs. Boudreaux was distracted in any manner by, the child, or otherwise, and she flatly denies any such distraction.
The version of the accident by the investigating officer is not conclusive in this case. His opinion was based upon the debris in the street and marks in the gravel.1 However, the evidence in this respect was not convincing. In locating the point of impact, the officer testified that there were narrow tracks in the gravel left by the Boudreaux vehicle, and the Hayes vehicle left wider tracks, indicating a sliding motion to the side. Later, in explaining how the automobiles could have been damaged as they were, he indicated the Boudreaux vehicle possibly swerved to the left and then cut back to the right, and was traveling in a sideward direction at the time of impact. This appears inconsistent with the prior testimony as to the narrow tire tracks left by the Boudreaux automobile. There are other theories to explain the markings on the street. For example, the wide marks-left by the Hayes vehicle could have been caused by the Hayes car as it braked, or was turned quickly, just prior to impact. In view of his testimony, it is also difficult to understand why the investigating officer issued a ticket to Mrs. Boudreaux for “traveling too fast for prevailing conditions”, rather than driving on the wrong side of the road, or some other charge. This Court finds that the location of the damages to the vehicles and the testimony of plaintiffs’ witnesses adequately refute the opinion offered by the investigating officer.
Under the facts of this case, there is no showing that Mrs. Boudreaux could or should have seen the Hayes vehicle any sooner, or that if she had, that she could have done anything to avoid the accident. Accordingly, we find no manifest error in the finding by the district court that the sole and proximate cause of the accident was the negligence of the defendant, Livingston Hayes.
The last issue for our consideration is whether or not the award to Mrs. Boudreaux was excessive. Mrs. Boudreaux testified that she was pinned in the car after the accident, that her whole left side hurt her, but the worst pain was in her left arm. She was treated by Dr. Walter B. Comeaux, Jr., *809 lof Lafayette, Louisiana. She testified that : she still had some minor trouble on occasion with numbness in her left arm to the time • of the trial in February, 1966.
Dr. Walter B. Comeaux, Jr., who specializes in general surgery, examined Mrs. Boudreaux on four occasions. On September 9, 1964, he found her to have . 'injuries to her left shoulder, upper extremity and to the left flank region. She ■ ■ had a fairly severe contusion to her left shoulder with contusion to the brachial ' plexus. The contusions to the left flank and left leg were of a minor nature. Mrs. ; Boudreaux complained of paresthesia or numbness in the upper left arm, which was a symptom of the contusion to the brachial plexus. He considered her to be disabled He gave her heat treatment, B12 for nerve regeneration, and prescribed activity to keep the tone of the muscles intact Dr. ■Comeaux saw Mrs. Boudreaux again on ■September 14, September 28 and October ;12, 1964. On the first three visits, he ■found her to have a decrease in sensation in the upper extremities to pinprick. She also had tenderness in the arm, ■weakness and some pain. These symptoms improved progressively under his treatments, until the last visit on October 12, 1964. At that time he thought she had fully recovered, and discharged her from further treatment. Dr. Comeaux testified he did not believe the contusion to the brachial plexus received by Mrs. Boudreaux was severe enough to cause any permanent effects. Rather, he felt that her injury was such as would clear up completely after a few weeks, as it appeared to have done, after the edema and swelling subsided in the bruised area.
We have read the cases cited to us in the briefs involving other plaintiffs with injuries of a similar nature as those sustained by Mrs. Boudreaux. Because of the many variables involved, no two cases are exactly alike, and the awards granted varied with each particular case. Although this Court finds the amount of the award to Mrs. Boudreaux was on the high side, we do not find that the district court abused its wide discretion, and accordingly, we hold that the amount of $1,500.00 awarded to Mrs. Boudreaux was not excessive.
For the reasons assigned, the judgment of the district court is affirmed. All costs of appeal are assessed against the defendants.
Affirmed.